IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL ERNEST THOLMER,

    Petitioner,

vs.

JAMES GOMEZ, et al.,

    Respondent.

_____/

No. CIV S-95-1901 DFL GGH P

ORDER and

FINDINGS AND RECOMMENDATIONS

Introduction

    The petition in this case, brought pursuant to 28 U.S.C. § 2254, was dismissed as an abuse of the writ, on October 16, 2002, and judgment entered accordingly. Almost five years later, on February 23, 2007, petitioner has filed a "motion for reconsideration," to which respondent filed an opposition on March 5, 2007. Petitioner's reply was filed on April 3, 2007.

Background

    The June 28, 2002, Findings and Recommendations, adopted by the October 16, 2002, Order, referenced above sets forth a portion of the background of this action:

> On June 11, 1990, petitioner filed his first petition for writ of habeas corpus in this court regarding his 1987 "Meadows" murder conviction in Placer County. The claims raised in the instant

1

> petition were not raised in the first habeas petition.
>
> On September 27, 1991, findings and recommendations were issued recommending that the first petition be denied. [] On November 8, 1991, the district court adopted the findings and recommendations in full. [] On April 2, 1993, the Ninth Circuit Court of Appeals denied petitioner's appeal to that court from the denial of his first petition in this court. []

Id., p. 3; see also, Order, filed on 9/29/00, p. 2.

On September 29, 1998, this court recommended that respondent's motion to dismiss this petition as an abuse of the writ be granted and this action dismissed. See Findings and Recommendations, filed on 9/29/98. On September 29, 2000, the district judge dismissed the instant petition as an abuse of the writ with respect to petitioner's first, second, third, fifth and sixth claims; petitioner's fourth claim was dismissed in part, also as an abuse of the writ. See Order, filed on 9/29/00, p. 12. The district judge ordered an evidentiary hearing, however, on the portion of the "fourth claim for relief for prosecutorial misconduct and the denial of a fair trial for the introduction of perjured testimony regarding the victim's propensity for violence." Id. Following an evidentiary hearing on that issue before the undersigned and post-hearing briefing, this court recommended, on June 28, 2002, granting respondent's motion for dismissal of the last remaining claim of the instant petition as an abuse of the writ. See Findings and Recommendations, filed on 6/28/02. As noted, on October 16, 2002, those findings and recommendations were adopted. Thus, the entire petition has previously been dismissed as an abuse of the writ. Moreover, on petitioner's appeal from the judgment, the Ninth Circuit affirmed, as noted in this court's docket of this case. See Docket Entry no. 142, filed on 12/24/03. Respondent observed that the dismissal was affirmed by the Ninth Circuit, on November 26, 2003. Opposition (Opp.), p. 1. This court takes judicial notice[1] of the Ninth

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

Circuit's Case Summary in PACER for District Court Case No. CV-95-01901 DFL, Appeal No. 02-17387, indicating that on November 26, 2003, the judgment was affirmed, having been "terminated on the merits after oral hearing."

Motion for Reconsideration

Petitioner purports to make his motion pursuant to E.D. Local Rule 78-230(k), seeking reconsideration, evidently, of the granting of respondent's motion. Motion, p. 1. However, this rule is not applicable in the context of a case wherein judgment has been entered. The only vehicle by which petitioner could possibly seek to re-visit the instant petition at this point is by way of Fed. R. 60(b). Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Since petitioner claims to be proceeding on the basis of newly discovered evidence which he could not have discovered earlier, he might seek to proceed via Fed. R. 60(b)(2). He also alleges that the prosecution is at fault for not having revealed accurate information, such that he might seek to proceed pursuant, as well, to Fed. R. 60(b)(3). Since, however, petitioner has clearly gone beyond the one-year-after-judgment limitation for these specific grounds, the only remaining route to proceed would appear to be via Fed. R. 60(b)(6).

3

Under Rule 60(b)(6), the catchall provision, the only avenue by which petitioner could seek to proceed to reopen his case given the extraordinary lapse of time since judgment issued, one must demonstrate "any... reason justifying relief from the operation of the judgment" in situations that are not addressed by the specific circumstances delineated in Rule 60(b)(1)-(5). Gonzalez v. Crosby, 545 U.S. 524, 528-529, 125 S. Ct. 2641, 2646 (2005). A purported Rule 60(b) motion in the context of a habeas petition pursuant to 28 U.S.C. § 2254 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the merits...*" Gonzalez, at 532, 125 S. Ct. at 2648 [emphasis in original]. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530, 125 S. Ct. at 2647. For purposes of this analysis, the United States Supreme Court has said, that "on the merits" applies when a movant asserts a ground under 28 U. S.C. § 2254 (a) and (d) or that a prior ruling on one of those grounds was made in error, and that such a movant "is making a habeas corpus claim." Gonzalez, at 532 n. 4, 125 S. Ct. at 2648 n. 4. While motions based on Rule 60(b) (1)-(3), "must be made 'within a reasonable time' and 'not more than one year after the judgment, order, or proceeding was entered or taken,' Fed. R. Civ. P. 60(b) motions, based on other reasons, including on 'any other reason justifying relief from the operation of the judgment,' Fed. R. Civ. P. 60(b)(6), must be made 'within a reasonable time,' Fed. R. Civ. P. 60(b)." Butz v. Mendoza-Powers, 474 F.3d 1193, 1195 (9th Cir. 2007).[2] Even assuming petitioner filed this motion within a reasonable time, under Rule 60(b)(6), a petitioner must show "extraordinary circumstances" to justify reopening the case. Gonzalez, at 535, 125 S. Ct. at 2649, citing, inter alia, Ackermann v. United States, 340 U.S. 193, 199, 71 S. Ct. 207 (1950).

\\\\\

---

[2] The Ninth Circuit left it to the district court to determine the "timeliness and merits" of petitioner's Rule 60(b) motion, where petitioner filed his motion six years after the judgment, challenging the district court's dismissal of his petition for failure to pay the filing fee or to comply with court orders. Butz, supra, at 1194, 1196.

1          In this case, as noted, the instant petition has previously been dismissed as an
2 abuse of the writ or as a successive petition. Petitioner seeks at this late date to present new
3 evidence with respect to the location and custody of a gun that was purportedly used as evidence
4 against him at his trial (or trials, at least one of which is not at issue herein). Petitioner avers that
5 he did not receive the NCIC (National Crime Information Center) report (which is
6 unauthenticated), on which he relies to support his claim of new evidence, until June of 2006.
7 Motion, p. 3 & Exhibit A. Not until he received a note from a mysterious, unidentified party at
8 some time after belated receipt of the alleged NCIC report, directing petitioner's attention to a
9 1984 state criminal court case against Floyd Johnson and Paul Luzzi, and informing petitioner
10 that the guns used against petitioner in a 1987 murder trial for the 1985 Meadows' homicide, had
11 been in the Sacramento City Police evidence locker since December 19, 1984. Id., at 3-4.
12 Petitioner submits, as Exhibit B, an unauthenticated copy of a state Department of Justice form
13 indicating that the gun at issue, Serial # 190317, was a .22-caliber, rather than a .38 caliber,
14 firearm. Motion, p. 4. Petitioner argues therefore that he could neither have sold the gun to Troy
15 Barron in 1985, nor could the police who retrieved the guns from the evidence locker have been
16 unaware that the gun with the serial # 190317 was .38-caliber, rather than the .22-caliber, gun
17 that Johnson and Barron testified they had purchased from petitioner, which the prosecutors
18 argued both in his Placer County trial and his Yolo County trial. Id. Petitioner contends that the
19 information which he has recently come across proves that the detectives and prosecutors in both
20 cases knew that the witness identification of both guns (both described as .22-caliber guns), and
21 the testimonial ballistic evidence used against petitioner was false, and that the state failed to
22 disclose that Lieutenant Kane retrieved a gun from the police evidence locker that had been
23 seized in 1984, a year before the Sparpano murders (not at issue herein) and the death of
24 Meadows. Motion, pp. 5-6.

25          In respondent's opposition to petitioner's motion, respondent argues that,
26 although entitled a "motion for reconsideration," petitioner appears to request that he be allowed

to file a successive petition based on a new claim, but that 28 U.S.C. § 2244(b) precludes both successive petitions where a claim has previously been presented and second (or in this case, a third) petitions where a claim has not previously been presented. Opp., p. 1. Respondent contends that petitioner must first move in the Circuit Court of Appeals for an authorizing order and make a prima facie showing satisfying the requirements of § 2244(b) before he may proceed in this court. Id., at 2.

In reply, petitioner relies primarily on Banks v. Dretke, 540 U.S. 668, 124 S. Ct. 1256 (2004), wherein the United States Supreme Court reversed the Fifth Circuit in a pre-AEDPA capital case and held that petitioner was entitled to present evidence in support of one Brady[3] claim that had not been presented to a state post-conviction court and that petitioner was entitled to a certificate of appealability on the question as to whether he had adequately raised a second Brady claim.[4] Petitioner notes that the High Court in Banks, supra, at 696, 124 S. Ct. at 1275, stated therein, inter alia, that "[a] rule ...declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process.'" Reply, p. 3. Petitioner contends that the record of this case demonstrates that he raised the issue that Lt. Kane had set him up and that petitioner sought discovery for material, including the NCIC report, which he contends now irrefutably establishes that he has suffered a miscarriage of justice by the alleged deliberate use of the prosecution of false evidence. Id. However, in essence, by this motion petitioner asks this court to review and re-open claims previously made in this petition in which judgment has long been entered, claims which subsequently have been affirmed as successive by the Ninth Circuit, a perilous, ultimately fruitless, path which the undersigned is not only loath to, but also precluded from, embarking upon.

\\\\\

---

[3] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[4] Petitioner contends that his own claims arise under the pre-Antiterrorism and Effective Death Penalty Act regime.

1  Thus, as respondent states, petitioner seeks to circumvent the applicable rule in
2  this filing (albeit petitioner has attempted to use a faulty vehicle, citing only a local rule).  New
3  facts to which petitioner alludes regarding the recent discovery, by way of his recent access to an
4  NCIC report, and of an anonymous note, which indicates prosecutorial mis-identification of a
5  gun and its caliber and wrongly linking it to petitioner in his trials in 1987 and 1992, does not
6  render this a proper "reconsideration" motion.  To the extent that petitioner meant to frame his
7  claim as one proceeding under Rule 60(b), even if the court could permit petitioner to so proceed,
8  it would allow that rule to swallow the successive petition statute.  Respondent is correct that
9  before this court may consider petitioner's newly raised claims, petitioner must first proceed to
10  the Ninth Circuit to obtain authorization for a successive petition.

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

14  28 U.S.C. § 2244(b)(3)(A).
15  Petitioner's claims constitute a successive petition to a petition previously
16  deemed successive.  Petitioner must submit his claims to the Ninth Circuit and obtain
17  authorization from the appellate court before he may proceed in this court.
18  Accordingly, IT IS HEREBY ORDERED that the Clerk of Court reassign a
19  district judge to this case in that Judge Levi resigned from the bench.
20  IT IS HEREBY RECOMMENDED that respondent's "motion for
21  reconsideration," filed on February 23, 2007, construed as a successive petition, be dismissed.
22  These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24  days after being served with these findings and recommendations, any party may file written
25  objections with the court and serve a copy on all parties.  Such a document should be captioned
26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7

1 shall be served and filed within ten days after service of the objections. The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: 7/25/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
thol1901.scs